UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                     Case No: 16-20235
                                     Honorable Victoria A. Roberts

BRADLEY RAYMOND LABOE,

    Defendant.
_____/

## ORDER DENYING MOTION TO FILE EXHIBIT UNDER SEAL (DOC. #19)

    Defendant Bradley Raymond Laboe made an ex-parte request to seal Exhibit 2 to his Sentencing Memorandum. It is the Report of Defendant's consulting psychologist, Dr. Steven Miller, Ph.D.

    The memorandum in support of the motion fails to address the three substantive requirements for closure: (1) that closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) the closure is narrowly tailored to protect the compelling interest. *United States v. Keifer*, No. 08-cr-00162, 2009 WL 414472, at *3 (S.D. Ohio Feb. 18, 2009) (citing *Press-Enterprise Co. v. Superior Court of California for Riverside Cty.,* 478 U.S. 1, 13-14 (1986) (*"Press-Enter. II"*); *United States v. Beckham*, 789 F.2d 401, 407 (6th Cir. 1986) (Nondisclosure of sensitive information is only justified where a compelling interest is shown and the denial of access is narrowly tailored to serve that interest)).

    The party seeking to seal documents bears the burden to show that higher

values overcome the presumption of access.  Moreover, any claimed exception to the right of access must be based on a particularized showing of need, and any permitted redactions must be narrowly tailored to accomplish the overriding interest.  See, e.g., *Press-Enter. II*, 478 U.S. at 13-14; *Lugosch v. Pyramid Co. of Onondoga,* 435 F.3d 110, 120 (2d Cir. 2006).

Beyond saying that Exhibit 2 contains "medical and mental health history [that has] similar sensitivity to the presentence report," counsel fails to address what compelling interest of Mr. Laboe will be harmed by disclosure.

"[T]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted."  *United States v Silver*, No. 15-cr-00093, 2016 WL 1572993, at *5-7 (S.D.N.Y. Apr. 14, 2016) (citing *Matter of New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987)).  Nevertheless, a formulaic recitation of a privacy interest will not suffice to justify sealing.  *Application of Nat'l Broad. Co., Inc.*, 828 F.2d 340, 345-46 (6th Cir. 1987) (overturning district court decision that did not support sealing conclusion with specific findings demonstrating the negative result that would follow from unsealing); *United States v King*, No. 10-cr-00122, 2012 WL 2196674, at *2.

Laboe simply suggests his preference for privacy.

Courts around the country have rejected a moving-defendant's embarrassment and preference for privacy as a basis for sealing.  See., e.g., *United States v Foster*, 564 F.3d 852, 854 (7th Cir. 2009) (holding that a witness's or litigant's preference for secrecy is not enough); *Silver*, 15-cr-00093, 2016 WL 1572993, at *5-7 (quoting *United*

*States v Mortoma*, 2014 WL 164181, at *5 (S.D.N.Y. Jan. 9, 2014) and *Siedle v Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998))("The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access."); *Jackson v. Deen*, No. 12-cv-00139, 2013 WL 2027398, at *14 (S.D. Ga. Apr. 3, 2013) ("And outside of legislatively drawn boundaries (e.g., medical records), an adult's personal embarrassment is simply not a compelling enough reason to seal a court record."). This Court follows the national trend and finds that the potential for sensitive information to cause embarrassment to the defendant who moves for sealing is insufficient to overcome the presumption of the right of access.

Finally, the balance of access versus privacy in this context suggests that public access should be afforded. See *United States v Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) ("Here, Defendant has chosen to introduce the medical information in an attempt to mitigate his sentence. By disclosing this information, which is a critical part of the memoranda, the Court does not believe it takes a risk of discouraging the full disclosure of such information in future cases. Under other circumstances, the Court could be convinced to redact a defendant's medical records, which surely are among an individual's most private matters. Here, the public right to these records, which inform[s] the Court's sentencing, are not outweighed by Defendant Dare's considerable privacy interest in his medical records.").

If Laboe seeks not to disclosure certain medical conditions, he may submit a redacted version of Exhibit 2 which removes what he does not want the Court to rely on.

The motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 27, 2016

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 27, 2016.
>
> s/Linda Vertriest
> Deputy Clerk